WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated, | No. CV-14-02043-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Lisa Marie Donaldson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Summary Judgment (the "Motion") (Doc. 28), to which Defendants, who are *pro se*, have failed to file any response in opposition. Having considered the Motion in light of the relevant record, the Court finds that there is no genuine dispute as to material fact and that Plaintiff is entitled to the entry of judgment in its favor as a matter of law pursuant to Fed. R. Civ. P. 56.

**I.   BACKGROUND**

For purposes of the Court's resolution of the pending Motion, the Court considers the relevant facts and background, viewed in Defendant's favor,[1] to be as follows.[2]

This action arises from the alleged unlawful interception and broadcast of the *Ultimate Fighting Championship 165: Jon Jones v. Alexander Gustafsson* (hereinafter

---

[1] In the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

[2] The Court notes that Plaintiff's Statement of Facts (Doc. 29) is primarily based on Defendants' admissions, *inter alia*, to Plaintiff's Requests for Admissions (Doc. 28-3 at 8–36), to which Defendants failed to respond.

1  "the Program") at Crossroads Bar & Grill on September 21, 2013. (Doc. 29 at 2). Joe Hand Promotions Inc. (hereinafter "Plaintiff") is a business that distributes the rights to pay-per-view events to commercial entities for a fee. (Doc. 28-4 at 1–2). Plaintiff purports to have been granted the exclusive commercial distribution rights to the Program. (Doc. 29 at 2). The Program was telecast nationwide via closed-circuit television and included "the main event between Jones and Gustafsson, as well as all undercard bouts and commentary encompassed in the television broadcast of the event." (*Id.* at 1).

On September 21, 2013, the Program was exhibited on televisions at Crossroads Bar & Grill, a commercial establishment located at 5030 W. McDowell Road, #39, Phoenix, Arizona 85035. (Doc. 29 at 2) (Doc. 28-2 at 2). Plaintiff did not authorize Crossroads Bar & Grill to broadcast any portion of the Program. (Doc. 29 at 3). Defendant Lisa Marie Donaldson, the general partner and manager of Crossroads B & G Family Limited Partnership, d/b/a Crossroads Bar & Grill on September 21, 2013, was also not authorized to exhibit the Program. (*Id*. at 2–3). Defendant Lisa Marie Donaldson was inside Crossroads Bar & Grill at the time of the broadcast of the Program. (*Id.* at 3). Defendants were aware that a commercial sub-licensing fee had to be paid to Plaintiff to lawfully broadcast the Program at Crossroads Bar & Grill, but Defendants did not obtain such a license. (*Id.*)

On September 15, 2014, Plaintiff filed a Complaint against James R. Lumley, individually and as an officer of Crossroads Bar & Grill, and against Crossroads B & G Limited Partnership, d/b/a Crossroads Bar & Grill. (Doc. 1). On January 8, 2015, Plaintiff filed an Amended Complaint against Lisa Marie Donaldson individually and as an officer of Crossroads Bar & Grill, and against Crossroads B & G Limited Partnership, d/b/a Crossroads Bar & Grill. (Doc. 10). Plaintiff's Amended Complaint alleges claims under Title 47 U.S.C. § 605 (2014) and Title 47 U.S.C. § 553 (2014). (*Id.*). The Amended Complaint further maintains that Plaintiff is entitled to statutory damages in the amount of $110,000 as to each Defendant as a result of Defendants' violation of § 605, or

statutory damages in the amount of $60,000 as a result of Defendants' violation of § 553. (*Id.* at 8). Finally, the Complaint alleges that the unlawful exhibition of the Program by Defendants was done willfully and for purposes of commercial advantage and/or private financial gain. (*Id.* at 5).

Plaintiff served Defendants with the summons and the Complaint. (Doc. 2). Lisa Marie Donaldson, *pro se*, filed an answer (Doc. 14) on March 18, 2015. In her answer, Lisa Marie Donaldson admitted that the Program "was purchased and showed at 5030 W. McDowell, #39 Ph[oeni]x, AZ 85035," the address of Crossroads Bar & Grill (*Id.*). However, Defendant asserted that Plaintiff is not entitled to judgment because the Program was only "viewed by the staff and friends," and "there was no monetary gain." (*Id.*)

Though Defendant Lisa Marie Donaldson filed an answer to the Complaint, the Court notes that she thereafter failed to appear for the Rule 16 Scheduling Conference held on May 6, 2015. (Doc. 21). Plaintiff served its requests for admissions on Defendants on July 30, 2015, but Defendants never responded to them; one set of the admissions requests was directed to Defendant Lisa Marie Donaldson and one set was directed to Defendant Crossroads B & G Limited Partnership. (Doc. 28-3 at 8–36). Plaintiff filed its Motion for Summary Judgment (Doc. 28) on January 8, 2016, but Defendants have also failed to respond to this Motion.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *Id.* at 56(c)(1)(A–B). Accordingly, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party initially has the burden to show that material facts are not genuinely disputed. *Id.* at 323. Once the moving party meets this burden, the nonmoving party must then establish the existence of material fact by presenting evidence showing that there is a genuine issue for a fact-finder to resolve at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-movant's bare assertions, standing alone, or "the mere existence of *some* alleged factual dispute between the parties" is insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–248. Further, because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159 (1970)); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (internal citations omitted).

## III.   DISCUSSION

Plaintiff's Amended Complaint alleges two counts: 1) violation of 47 U.S.C. § 605; and 2) violation of 47 U.S.C. § 553. (Doc. 10). However, the Plaintiff is only seeking summary judgment damages under 47 U.S.C. § 605, as well as an award of costs and reasonable attorneys' fees.[3] (Doc. 28-1 at 20).

---

[3] The Court notes that it is "rather well-established that courts will not award damages under both § 605 and § 553 on a set of facts" similar to that in this case. *Joe Hand Promotions, Inc. v. Streshly*, 655 F. Supp. 2d 1136, 1137 (S.D. Cal. 2009). *See*

**Defendants' Failure to Respond to the Motion**

Where the non-movant fails to respond to the movant's Motion for Summary Judgment, the Court is not required to grant the Motion, even in light of Local Rules of Civil Procedure providing "that the Court may deem a party's failure to respond [. . .] as consent to the granting of the motion." *Finkle v. Ryan*, CV-14-01343-PHX-DGC, 2016 WL 1241878, at *3 (D. Ariz. Mar. 30, 2016) (finding that plaintiff's failure to respond to defendants' motion for summary judgment did not warrant granting the motion despite Local Rule of Civil Procedure 7.2(i)). The Ninth Circuit has clarified that such local rules cannot provide a valid basis for granting a motion for summary judgment where the motion is unopposed, as Federal Rule of Civil Procedure 56 "authorizes the court to consider a fact as undisputed," but does not allow the court to grant summary judgment by default. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (finding that Western District of Washington Local Rule 7(b)(2) conflicts with Federal Rule of Civil Procedure 56 and "cannot provide a valid basis for granting a motion for summary judgment"). Accordingly, the Court will address the moving party's motion, in such a case, on the merits. *Finkle*, 2016 WL 1241878, at *3.

Here, Defendants have failed to respond to Plaintiff's Motion or file a brief in opposition to the Motion for Summary Judgment. Regardless of this fact, the Court may not grant summary judgment by default against Defendants. Rather, the Court may only grant a Motion for Summary Judgment if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**Defendants' Failure to Respond to Plaintiff's Requests for Admissions**

---

*Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp 2d 485, 489 (S.D.N.Y. 1999) ("Where a defendant is liable under both § 553 and § 605, a plaintiff is entitled to have damages awarded under 605 which provides for greater recovery."); *Joe Hand Promotions, Inc. v. Dailey*, C-01-4219-CRB, 2003 WL 1342998, at *2–3 (N.D. Cal. Mar. 13, 2003) (adopting Second Circuit rule followed in *Googies* and declining to award damages under both statutes absent "either egregious or unusual" circumstances). *See also Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000) ("[W]hen liability exists under both provisions, the majority of courts—including most courts in the Ninth Circuit—have imposed damages 'pursuant to § 605 alone rather than cumulatively.'") (citing *Kingvision Pay-Per View v. Arias*, C-99-3017-SI, 2000 WL 20973 at *2 n. 7 (N.D. Cal. Jan 7, 2000)).

- 5 -

Plaintiff alleges that it is entitled to summary judgment because "Defendants [have] failed to respond to [the] Request for Admissions and, therefore, Defendants have admitted liability herein." (Doc. 28-1 at 10)  As a result, Plaintiff contends that Defendants' admissions, *inter alia*, establish that "there is no genuine issue of material fact regarding whether Defendants unlawfully intercepted and broadcast[ed] the program at their commercial establishment." (Doc. 28-1 at 7–10).  This Court agrees, as each of the relevant facts necessary to establish Defendants' liability under 47 U.S.C. § 605 have been conclusively established as a result of Defendants' failure to respond to the requests for admissions.  *See Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment."); *Layton v. Int'l Ass'n of Machinists & Aerospace Workers*, 285 F. App'x 340, 341 (9th Cir. 2008) (holding that "[t]he district court did not err when it deemed facts admitted because of [plaintiff-appellant's] failure to timely respond to requests for admission" as a basis for entry of summary judgment in favor of defendant-appellee).

Pursuant to Federal Rule of Civil Procedure 36, a matter is deemed admitted unless "the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).  Plaintiff served Requests for Admissions on each Defendant on July 30, 2015, but, as of the current date, Defendants have not responded to Plaintiff's Requests for Admissions.  (Doc. 28-1 at 10).  Accordingly, because Defendants have failed to respond within the statutorily required time frame, Plaintiff's Requests for Admissions are deemed admitted.  Fed. R. Civ. P. 36(a)(3).

While it is undisputed that the Program was shown at Crossroads Bar & Grill on September 21, 2013 (Doc. 29 at 2) (Doc. 14 at 1), Defendant Lisa Marie Donaldson indicated in her answer that "the fight was purchased," it was "viewed by the staff and friends, [and] there was no monetary gain." (Doc. 14 at 1).  Though these statements by Defendant directly contradict Plaintiff's allegations that Defendants unlawfully displayed

the Program "willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain," (Doc. 10 at 5) the Court notes that "[e]vidence inconsistent with a Rule 36 admission is properly excluded." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869–70 (9th Cir. 1985) (citing Fed. R. Civ. P. 36(b) advisory committee note (1970)). *See also GTE Directories Corp. v. McCartney*, 11 F. App'x 735, 737 (9th Cir. 2001) (holding that it is appropriate to grant summary judgment where defendant non-moving party's submission of admissible evidence allegedly contradicts the deemed admissions and where defendant non-moving party has failed to withdraw these admissions under Rule 36(b)). Here, Defendants have failed to file a Rule 36(b) motion to withdraw admissions. Accordingly, this Court finds that it is appropriate to grant summary judgment even though Defendant Lisa Marie Donaldson's statements in her answer directly contradict the deemed admissions.

**Plaintiff's Claim Under 47 U.S.C. § 605**

Unless one of the exceptions described in subsection (b) apply[4], Title 47 of the United States Code Section 605 provides, in part, that the following practices are prohibited:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the

---

[4] Subsection (b) of 47 U.S.C. § 605, provides that, "[t]he provisions of subsection (a) of this section shall not apply to the interception or receipt by any individual, or the assisting [ . . .] of such interception or receipt, of any satellite cable programming for *private* viewing [. . . ]. 47 U.S.C. § 605(b) (emphasis added). The Court notes that the exceptions in subsection (b) of 47 U.S.C. § 605 do not apply to this case, as Defendants' exhibition of the Program at Crossroads Bar & Grill was not a private viewing. Specifically, subsection (d)(4) of section 605 provides that the "the term 'private viewing' means the viewing for private use in an individual's dwelling unit [. . . ]." 47 U.S.C. § 605(d)(4).

- 7 -

>contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a).

Though Section 605(a) of Title 47 of the United States Code does not explicitly reference satellite communications, satellite television signals are among the communications protected by this statute. *Directv, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008); *See also Kingvision Pay Per View, Ltd. v. Guzman*, No. CV-07-0963-PHX-PGR, 2008 WL 1924988, at *1 (D. Ariz. Apr. 30, 2008) ("The position taken by a majority of courts is that signals broadcast through the air via radio and satellite are generally within the purview of § 605, including programming transmitted via satellite to cable operators for their transmission to cable subscribers."). Further, due to the secretive nature of signal piracy ventures, 47 U.S.C. § 605(a) "does not require direct evidence to support a factual finding," as "[c]ircumstantial evidence may be sufficiently persuasive" to prove unlawful interception. *Directv, Inc. v. Webb*, 545 F.3d at 844. Finally, 47 U.S.C. § 605 also provides that "any person with proprietary rights in the intercepted communication by wire or radio" may file a "civil action in a United States district court." 47 U.S.C. § 605(d)(6), (e)(3)(A).

Here, Plaintiff's claim in the Amended Complaint under 47 U.S.C. § 605 alleges that Defendants "did unlawfully intercept, receive, publish, divulge, and/or exhibit the *Program* at the time of its transmission" at Crossroads Bar & Grill, and that they did so "[w]ith full knowledge that the *Program* was not to be intercepted, received, published, divulged, and/or exhibited by commercial entities unauthorized to do so." (Doc. 10 at 5). This Complaint also alleges that this unauthorized exhibition of the Program "by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." (*Id.*).

Defendants' here have failed to respond to the plaintiff's Motion for Summary Judgment as well as the requests for admissions. Accordingly, this Court agrees with Plaintiff that Defendants have admitted, *inter alia*, each of the necessary facts required to find Defendants liable under 47 U.S.C. § 605 by failing to respond to Plaintiff's requests for admissions. *See* Fed. R. Civ. P. 36(a)(3). Specifically, Defendants have admitted each of the following, as discussed in Plaintiff's Brief in Support of Motion for Summary Judgment:

> (a) They were the owner (Crossroads B&G Family Limited Partnership) and officer/manager (Lisa Marie Donaldson a/k/a Lisa Marie Warren) of Crossroads Bar & Grill when the Program was broadcast, and any persons at the establishment serving as bartenders or managers were acting on their behalf.
> (b) Lisa Marie Donaldson [. . .] was present inside Crossroads Bar & Grill when the Program was broadcast.
> (c) Defendants did not order the Program from Plaintiff.
> (d) Defendants did not pay a licensing fee to Plaintiff.
> (e) Defendants intercepted and broadcasted the Program at Crossroads Bar & Grill [. . .] willfully.
> (f) Defendants were aware that a licensing fee had to be paid to Plaintiff for the Program.
> (g) The Program was received because an illegal decoder was used in Crossroads Bar & Grill, a satellite access card programmed to enable receipt of satellite service without proper authorization or payment was utilized, and/or Defendants ordered the Program from a programming provider (e.g., DISH Network, DirecTV) and paid the provider the residential license fee for the Program.
> (h) Defendants' obtained the Program by illegal means and intentionally broadcast the Program by deception, and for financial gain.

(Doc. 28-1 at 10–11).

These facts admitted by Defendants conclusively prove each of Plaintiff's allegations in its Complaint and establish that Defendants unlawfully intercepted and profited from the illegal broadcasting of the Program at Crossroads Bar & Grill. Further, Plaintiff has established that it holds the proprietary rights to the intercepted Program. (Doc. 28-4 at 9–34). Accordingly, Defendants are liable under 47 U.S.C. § 605 and

1  Plaintiff is entitled to an award of damages. Further, Defendants have not responded and
2  have not established the existence of any disputed fact. As a result, Plaintiff is entitled to
3  summary judgment on its claim under § 605.[5]

4  **Damages**

5  Under Title 47 of the United States Code Section 605, the Court may award
6  statutory damages to the aggrieved party "for each violation [ . . . ] involved in the action
7  in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47
8  U.S.C. § 605(e)(3)(C)(i)(II). The aggrieved party is the party holding any "proprietary
9  rights in the intercepted communication." 47 U.S.C. § 605(d)(6). Section 605 also
10 permits an additional award of enhanced damages where "the court finds that the
11 violation was committed willfully and for purposes of direct or indirect commercial
12 advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The Court has
13 discretion to award these enhanced damages in an amount of up to $100,000. *Id*.

14 Here, Plaintiff seeks a total award of damages in the amount of $30,000. (Doc. 28-
15 1 at 15). Specifically, Plaintiff requests $10,000 in statutory damages and $20,000 in
16 enhanced statutory damages.[6] *Id.* Plaintiff contends that an award of damages in these
17 amounts would "satisfy the purposes of compensating Plaintiff and act[] as a deterrent

---

[5] The case of *Joe Hand Promotions, Inc. v. Donna Jean Chilleen, et al.* is similar to the present case. *Joe Hand Promotions, Inc. v. Chilleen*, CV-13-08166-PCT-PGR, 2015 WL 2342111, at *1 (D. Ariz. May 14, 2015). In that case, the defendants also failed to respond to the plaintiff's motion for summary judgment as well as the requests for admissions. *Id.* Accordingly, the Court stated, "[a]ll of the relevant facts necessary to establish the defendants' liability under [47 U.S.C. §] 605 have been conclusively established as a result of [defendants'] failure to respond to the requests for admissions, including that they unlawfully intercepted the Program without the plaintiff's authorization and that they did so willfully and for financial gain." *Id.*

[6] In the interest of completeness, the Court notes that there is a significant discrepancy between the amount of damages Plaintiff requested in its Amended Complaint and the amount Plaintiff requested in its Motion for Summary Judgment. Specifically, Plaintiff's Amended Complaint maintains that Plaintiff is entitled to statutory damages in the amount of $110,000 as to each Defendant as a result of Defendants' violation of § 605, or statutory damages in the amount of $60,000 as a result of Defendants' violation of § 553. (Doc. 10 at 8). However, Plaintiff's Motion for Summary Judgment only seeks a total award of statutory damages in the amount of $30,000 as a result of Defendants' alleged violation of § 605. (Doc. 28-1 at 15). Plaintiff does not request damages as a result of Defendants' alleged violation of § 553 in its Motion for Summary Judgment. (*Id.*).

- 10 -

against future acts of piracy by both these Defendants and others." *Id*.

Though there is no specific, established formula for calculating either statutory or enhanced damages under 47 U.S.C. § 605, courts within this district commonly consider "factors such as the maximum capacity of the commercial establishment, the total number of patrons present at the time of the unauthorized showing, and the amount defendant would have paid if it had purchased the rights to show the broadcast" in awarding statutory damages. *J & J Sports Productions, Inc. v. Vargas*, CV-11-02229-PHX-JAT, 2013 WL 1249206, at *3 (D. Ariz. Mar. 27, 2013) (awarding $4,000 in statutory damages and $10,000 in enhanced damages where defendants acted willfully and illegally displayed a program to 125–130 patrons in an establishment with a capacity of 150). In awarding enhanced damages, courts may "consider 'prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast.'" *Joe Hand Promotions, Inc. v. Pinkhasov*, CV-11-02437-PHX-FJM, 2012 WL 3641451, at *1 (D. Ariz. Aug. 24, 2012) (awarding $10,000 in statutory damages and $5,000 in enhanced damages where defendant charged a cover fee while illegally displaying a program in a business with a maximum capacity of 1,000 and where between 18–26 patrons were present) (quoting *Kingvision Pay-Per-View, Ltd. v. Guzman*, CV-07-0963-PHX-PGR, 2008 WL 1924988, at *3 (D. Ariz. Apr. 20, 2008)) (awarding statutory damages in the amount of $1,000 and enhanced damages in the amount of $3,000 where 10 patrons were present and where defendant advertised the illegally shown program, but where there was no cover charge or allegations of prior infringement).

Plaintiff is also correct that deterrence is one of the objectives considered in awarding both statutory and enhanced damages in claims brought under 47 U.S.C. § 605. *Pinkhasov*, 2012 WL 3641451, at *1. (awarding statutory damages after considering "the goal of deterring cable piracy"); *See also Joe Hand Promotions, Inc. v. Coen*, CV-11-2531-PHX-JAT, 2012 WL 2919710, at *2 (D. Ariz. July 17, 2012) (holding that

"enhanced damages are desirable in many cases because of their tendency to deter future violations").

Here, Plaintiff's investigator, Amanda Hidalgo, stated in her affidavit that Crossroads Bar & Grill has a maximum capacity of approximately 70 people and that 16 individuals were present within the Bar during her investigation. (Doc. 28-2 at 2–3). Plaintiff's investigator also indicated that she saw the Program playing on four of the six televisions within the establishment. *Id.* Although Plaintiff's investigator does not mention that the program was advertised in any manner or whether patrons of Crossroads Bar & Grill had to pay a cover charge and/or premiums, Defendants have admitted that they advertised the program and charged a cover charge through their failure to respond to the requests for admissions. (Doc. 28-3 at 8–36). Further, Plaintiff has submitted evidence indicating that it would have cost Defendants $850.00 to legally exhibit the Program within Crossroads Bar & Grill by purchasing the sublicense fee from Plaintiff. (Doc. 28-4 at 3, 36). However, there is no specific evidence of a premium being charged for food or drinks. Additionally, Plaintiff indicates in its Brief in Support of its Motion for Summary Judgment that this is the third allegation of piracy it has made against Defendants, noting that two additional cases against Defendants are pending but have yet to be adjudicated. (Doc. 28-1 at 18).

Based on the evidence presented, the Court concludes that a statutory damages award pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) in the amount of $3,000 is just. Further, because the evidence indicates that Defendants' violation was willful and for purposes of both commercial and personal gain, the Court also awards an enhanced damages award pursuant to § 605(e)(3)(C)(ii) in the amount of $5,000.

**Costs and Attorneys' Fees**

Plaintiff requests in its Complaint and in its Brief in Support of Motion for Summary Judgment that it be permitted to file its request for attorneys' fees and costs. (Doc. 28-1 at 20). Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."

47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff is directed to comply with LRCiv 54.1 and LRCiv 54.2 in applying for its costs and fees. *See* AZ R USDCT LRCiv 54.1–.2.

## IV. CONCLUSION

Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 28) is **GRANTED** pursuant to Fed. R. Civ. P. 56 to the extent that Plaintiff is awarded the sum of $8,000 from Defendants Lisa Marie Donaldson and Crossroads B & G Family Limited Partnership pursuant to 47 U.S.C. § 605.[7] The Clerk of the Court shall enter judgment for Plaintiff accordingly.

**IT IS FURTHER ORDERED** that Plaintiff shall file its request for attorney's fees and costs in compliance with this Court's Local Rules.

Dated this 15th day of June, 2016.

*James A. Teilborg*
Senior United States District Judge

---

[7] The Court notes that Plaintiff's Amended Complaint also alleges claims under Title 47 U.S.C. § 553. *See* (Doc. 10 at 6–8). However, in moving for summary judgment (as opposed to partial summary judgment), Plaintiff failed to mention these claims under 47 U.S.C. § 553. Accordingly, the Court deems Plaintiff's claims under 47 U.S.C. § 553 to be waived. *See* Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendment (explaining "that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense" and that "'partial summary judgment' . . . describe[s] disposition of less than the whole action"); *see generally Jenkins v. Cty of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (observing that party "abandoned" two claims plead in complaint "by not raising them in opposition to the [defendant]'s motion for summary judgment").